IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OTIS MAYS,<br>    Plaintiff<br><br>v.<br><br>JESSICA SAGE, *et al.*,<br>    Defendants | :  No. 3:24-CV-1447<br>:<br>:  (Judge Munley)<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

Plaintiff Otis Mays lodged the instant *pro se* civil rights lawsuit in August 2024. Mays is a prodigious *pro se* prisoner litigant, having filed dozens of federal lawsuits in multiple district courts throughout the country. In the instant case, he once again moves for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Mays has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, and because he is not under imminent danger of serious physical injury, he is statutorily barred from proceeding IFP and must pay the full filing fee to proceed with this action.

## I.   BACKGROUND

Mays is an avid *pro se* litigant, filing numerous civil rights lawsuits in the District of Minnesota, the Western District of Oklahoma, the Eastern District of Arkansas, the Northern District of Alabama, the Western District of Louisiana, the

Northern District of West Virginia, and the Middle District of Pennsylvania. Mays' cases are frequently dismissed for failure to prosecute, resulting in a significant waste of judicial resources. Many other times they are dismissed for failure to state viable civil rights claims.

Notably, Mays has filed at least three prior civil rights lawsuits in federal court that have been dismissed for failure to state a claim upon which relief may be granted. See Mays v. Fridley Police Dep't, No. 0:23-cv-01502, Doc. 5 (D. Minn. May 26, 2023) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)(ii) and barring Mays from proceeding IFP in District of Minnesota without showing "imminent danger of serious physical injury"), summarily aff'd, No. 23-2599 (8th Cir. 2024); Mays v. Yarbrough, No. 0:22-cv-02403, Doc. 78 (D. Minn. Jan. 18, 2024) (dismissing case under Federal Rule of Civil Procedure 12(b)(6)), appeal dismissed, No. 24-1189 (8th Cir. 2024) (dismissing appeal for failure to prosecute); Mays v. Doe, No. 5:22-cv-00824, Docs. 33, 36 (W.D. Okla. 2024) (dismissing case pursuant to 28 U.S.C. § 1915A(b)(1)). Because these cases were dismissed for failure to state a claim, Mays has accrued three "strikes" under 28 U.S.C. § 1915(g).

Mays has moved for leave to proceed IFP in the case at bar. (See Doc. 10). However, he cannot proceed IFP here because he has had at least three prior dismissals for failure to state a claim and he is not in imminent danger of

serious physical injury. In other words, Mays has "struck out" under 28 U.S.C. § 1915(g) and his motion for leave to proceed IFP will be denied.

## II. DISCUSSION

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent

3

danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. "Imminent dangers" are ones which are "about to occur at any moment or are impending," not harms that have already occurred. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Claims of imminent danger that are "conclusory or ridiculous" do not qualify. Id. at 468.

As recounted in detail above, Mays has filed at least three civil rights cases in federal court while incarcerated that were dismissed for failure to state a claim upon which relief may be granted. Mays, therefore, has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Moreover, Mays has not plausibly alleged facts that indicate that he is in imminent danger of serious physical injury. The gravamen of the instant lawsuit is that prison officials at USP Lewisburg are allegedly interfering with Mays' legal communication and denying him certain indigent mailing supplies. (See generally Doc. 3). Mays' civil rights claims do not (and could not) implicate an imminent threat of serious physical injury. He therefore cannot avail himself of the "imminent danger" exception in Section 1915(g).

Accordingly, Mays' application for leave to proceed IFP must be denied. If he desires to move forward with the instant case, he must first pay the requisite $405 fee, representing the $350 filing fee and $55 administrative fee applicable in the Middle District of Pennsylvania. If Mays does not timely pay the full filing fee, his case will be dismissed pursuant to 28 U.S.C. § 1914.

## III.   CONCLUSION

Mays has struck out under the PLRA and he is not under imminent danger of serious physical injury, so the court will deny his request for leave to proceed *in forma pauperis* in the instant case. If Mays desires to continue with this case, he must pay the $405 filing fee in full. An appropriate Order follows.

Date: 11/27/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

5